IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>JEREMY VISOCKY,    )<br>)<br>            Defendant.    ) | Case No. 10-cr-152-wmc |

GOVERNMENT'S MOTION FOR RECONSIDERATION ON COURT'S ORDER
GRANTING DEFENDANT VISOCKY'S MOTION TO SUPPRESS

On May 9, 2011, this Court issued an Order granting defendant Visocky's motion to suppress evidence. The government's deadline for filing a notice of appeal is June 8, 2011. However, filing a motion for reconsideration presenting a substantive challenge to a decision in a criminal case, filed within the time to appeal, restarts the time to appeal when the motion is denied or granted. *See United States v. Rollins*, 607 F.3d 500, 501-502 (7th Cir. 2010). For the following reasons, the government respectfully requests that the Court reconsider it's Order granting suppression.

In *United States v. Budd*, 549 F.3d at 1140 (7th Cir. 2008), the Moline Illinois police department had possession of Budd's computer for 48 days before seeking a search warrant and the Seventh Circuit assumed, without deciding, that the 48-day seizure became unreasonable due primarily to the length of the delay in obtaining the warrant. 549 F.3d at 1144.[1] The Court determined, however, that the there was no evidence that

---

[1] Officers seized the computer after Budd took it in for repair. The repair shop discovered child pornography on it and called the police. No work was done on Budd's

the government exploited the illegal seizure of the computer because it did nothing more than place the unsearched computer into an evidence room and leave it there, which is what happened in Visocky's case.

Relying on *Budd*, the government contends that the prolonged, and presumptively unreasonable, seizure of Visocky's safe is not the ultimate issue in this case because an illegal seizure does not automatically preclude all evidence obtained after the seizure. When challenged evidence has an independent source, exclusion of such evidence would put the police in a worse position than they would have been absent any error or violation. *Budd,* 549 F.3d at 1147, citing *Nix v. Williams*, 467 U.S. 431, 443 (1984). Typically, independent -source doctrine cases involve an illegal search and discovery of evidence followed by a second search conducted after a warrant is obtained. *Budd*, 549 F.3d at 1147, citing *Murray v. United States*, 487 U.S. 533, 535 -36 (1988). But in *Budd,* the Seventh Circuit was faced with the presumptively illegal seizure of Budd's computer, followed by a search of the computer conducted pursuant to a warrant. The Court reasoned that the same process - the independent source doctrine - could be used to determine whether the evidence discovered on Budd's computer was obtained independent of the original illegal police activity. Thus, the "ultimate question" in *Budd* was whether the search of Budd's computer pursuant to the search warrant was in fact a genuinely independent source of the evidence found on

---

case for 48 days because of a general backlog of cases, taking days off for the holiday season, and moving to a new police station. 549 F.3d at 1142. Two weeks prior to the officers executing the warrant, Budd learned the police had custody of his computer.

his computer. *Budd*, 549 F.3d at 1147.

The independent-source doctrine involves a two-part test. *Id*. The first question is whether the illegally obtained evidence affected the magistrate judge's decision to issue the search warrant. The Seventh Circuit determined that the heart of this question is whether, taking away any illegally obtained information, the affidavit still demonstrated probable cause. *Budd*, 549 F.3d at 1147 citing *United States v. Markling*, 7 F.3d 1309, 1317 (7th Cir. 1993). In *Budd*, the only thing possibly illegally obtained was the computer itself and physical possession of the computer was not required to show probable cause.

The second part of the test is whether the decision to seek the warrant was prompted by information gained from the initial illegal activity. Again, in *Budd*, the only thing gained from the initial illegal activity was physical possession of the computer. Thus, when the officers sought their warrant, they were not influenced by any improper information because there was no improper information by which to be influenced. *Budd*, 549 F.3d at 1148. Accordingly, the Seventh Circuit affirmed the district court's denial of Budd's motion to suppress evidence.

The facts in this case are strikingly similar to those in *Budd's* and because the MPD officers were not influenced by any improper information when they sought the federal search warrant 30 days after seizing Visocky's safe, the independent -source doctrine is applicable here. Clearly, as in *Budd*, the officers could have obtained a warrant the moment they seized the safe. Nothing changed in the 30 days the safe sat in the evidence room and probable cause still existed when the officers sought the

warrant.

If suppression was not warranted in *Budd*, where officers held his computer for 48 days before seeking a warrant, it is not warranted here where the delay was only 30 days and the independent-source doctrine applies. Accordingly, the government respectfully asks this Court to reconsider its Order granting suppression.

Respectfully submitted,

JOHN W. VAUDREUIL
United States Attorney

By: /s/
_____
RITA M. RUMBELOW
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing document to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to:

Attorney Michael Lieberman

_____/s/_____
LELONI BROESCH