UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

       *Plaintiff*,

   v.                            Case No.  10-cr-152-wmc

JEREMY VISOCKY,

       *Defendant*.

---

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR RECONSIDERATION**

The Court should deny the government's motion for reconsideration. In that motion, the government asserts an entirely different argument than what it relied on in initially opposing Visocky's motion to suppress.  A motion for reconsideration is an inappropriate vehicle for asserting such an argument. Furthermore, even if the government's argument had been presented in a timely fashion it should fail on the merits.

## I.    INTRODUCTION

On December 6, 2010, Visocky filed a motion to suppress all evidence obtained by the government as a result of the illegal search and seizure of a safe belonging to him. (R. 14) Visocky argued that law enforcement's

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

prolonged interference with his possessory interest in the safe was unreasonable under the circumstances and, therefore, in violation of the Fourth Amendment. (*Id.*)

The government filed its brief in opposition on December 16, 2010, (R. 19), in which it advanced a number of arguments opposing suppression. First, the government argued that Mr. Visocky abandoned his interest in the safe when he opted to remain at work rather than returning home "to identify the safe as his." (R. 19 at 2) Second, the government argued that there was no police misconduct because police had "valid public safety concerns" and, considering the circumstances, it "would have been reckless for the officers to leave behind high capacity ammunition and the safe" at the scene of the home invasion. (R. 19 at 4) The government concluded its brief by arguing that the safe was "also evidence of the separate and distinct home invasion that the police are still investigating." In doing so, the government asserted the following:

> The seizure of the safe is not analogous to the seizure of a computer authorities seized solely because they suspected it contained child pornography, yet then delayed in obtaining a search warrant. As already stated, the safe was also seized for public safety reasons and evidentiary purposes, and was not the subject of a motion for return of property.

(R. 19 at 5)

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Visocky replied on December 21, 2010 (R. 21), and the Magistrate Judge issued his Report and Recommendation in favor of suppression on January 11, 2011. (R. 22) In that report and recommendation, the Magistrate Judge recommended that Visocky's motion to suppress evidence be granted because: (1) Visocky did not abandon the safe; (2) the holding of the safe by the police for thirty days was unreasonable, even if the initial seizure was not; and (3) suppression of the evidence eventually recovered from the safe is the appropriate remedy.

Again, the government had an opportunity to present arguments to this Court opposing suppression and did so on January 21, 2011. (R. 25) In objecting to the Report and Recommendation, the government reasserted the following: (1) the initial and prolonged seizure of the safe was reasonable because Visocky abandoned his possessory interest in the safe, (R. 25 at 1-4), (2) the gun safe is evidence of the home invasion, (R. 25 at 4), and, finally, (3) *Herring* does not support suppression, (R. 25 at 4-7).

Visocky filed his brief in reply on February 1, 2011. (R. 29) On May 9, 2011, this Court issued its Order granting Visocky's motion to suppress, finding that "the government failed to show that the magistrate judge's

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

findings of fact, conclusions of law or recommendations are erroneous . . . "

(R. 30 at 1-2)

Now, thirty days after this Court issued its Order granting suppression, the government has filed the pending motion for reconsideration. In its most recent motion, the government for the first time argues that the independent-source doctrine applies, citing *United States v. Budd,* 549 F.3d 1140 (7th Cir. 2008). (R. 31) No mention was made of the independent source doctrine or of *Budd* in either of the government's previous briefs.

## II.   ARGUMENT

### A.   *The Government's Motion Does Not Set Forth a Sufficient Basis for Reconsideration of this Court's Order Granting Suppression.*

The government uses its motion for reconsideration as a vehicle to assert an entirely new legal argument, never before advanced at any stage of the litigation in this matter. (R. 31)  Unless the arguments or evidence were not available earlier, motions for reconsideration are not properly utilized "to advance arguments or theories that could and should have been made before the district court rendered a judgment . . ." *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007), *citing LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995). Because the government failed to raise this

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

argument in its initial briefing, or in its objection to the report and recommendation, the argument has been waived. *See Pohl v. United Airlines, Inc.*, 213 F.3d 336, 340 (7th Cir. 2000) ("[A]rguments raised in the district court may be waived if not presented in a timely manner, such as those raised for the first time in a motion for reconsideration.") The government's newly-asserted independent source argument is "too little, too late" and should be denied. *See Bally Export Corp. v. Balicar*, Ltd., 804 F.2d 398, 404 (7th Cir. 1986) (concluding that raising an issue or new legal theory for the first time in a motion for reconsideration does not save it for appeal); *Publishers Resource Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985) (same). The government is asking for a second chance to argue what it could have argued the first time around.

The government had ample opportunity to assert this argument prior to this Court's ruling but waited to do so until a full thirty days after the Order was issued. *See Cochran v. Quest Software, Inc.*, 328 F.3d 1, 7 (1st Cir. 2003) ("Litigation is not a game of hopscotch. It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's ruling.") The case forming the basis for the government's new legal argument, *United*

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

*States v. Budd,* 549 F.3d 1140 (7th Cir. 2008), was decided well before December 12, 2010, the date on which Mr. Visocky filed his motion to suppress. (R. 14) The government has failed to provide justification for not asserting this argument at the appropriate time.

Not only is the government's newly-asserted independent source argument raised too late, it is also in conflict with the position actually advanced by the government previously.[1] Prior to this Court's Order, the government argued that (1) Visocky abandoned his safe and (2) the safe was held as evidence of the home invasion. Under this theory, the government was impliedly asserting that had Visocky simply come home when the police asked him to, or asked for the safe back, they would have returned it to him. In contrast, the government now argues that the safe was seized with the intent to search it from the outset – it just took the police a month to get around to doing so. Under the government's new theory, the search warrant

---

[1] Under the doctrine of judicial estoppel, a party is not permitted to assert inconsistent or contradictory positions. "The doctrine of judicial estoppel is a common law principle which precludes a party from asserting a position in a legal proceeding inconsistent with a position taken by that party in the same or a prior litigation." 31 C.J.S. Estoppel and Waiver § 186(2010); *see Levinson v. United States,* 969 F.2d 260, 264-65 (7th Cir. 1992), *citing Scarano v. Central R.R. Co.,* 203 F.2d 510, 513 (3d. Cir. 1953) (the doctrine of judicial estoppel "is intended to protect the courts from being manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories.")

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

purged the taint of law enforcement's prolonged seizure of a safe they ultimately intended to search in any event.

Because the government's motion for reconsideration raises a new argument that could have been raised earlier, and one that conflicts with the arguments actually raised, the Court should decline to consider the arguments at this stage of the litigation. The motion to reconsider should be denied.

B.   *The Independent Source Doctrine Is Inapplicable and Suppression Remains the Appropriate Remedy for the Unconstitutional Search of the Safe*.

Even if it had been asserted in a timely fashion, the government's argument against suppression fails on the merits. The government has invoked the independent source doctrine, arguing that the prolonged seizure of Visocky's safe, although presumptively unreasonable, does not automatically preclude all evidence obtained after the seizure if the challenged evidence has an independent source. (R. 31 at 2) The government relies on *United States v. Budd,* 549 F.3d 1140, in which the Seventh Circuit affirmed that suppression was unwarranted where officers held the defendant's computer for 48 days before seeking a warrant. (R. 31) The government asserts that "the facts in this case are strikingly similar to those

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

in *Budd's*." However, *Budd* is distinguishable from the instant case for a number of reasons. In Visocky's opinion, these distinguishing facts are essential to determining whether the independent source doctrine is applicable.

In *Budd,* a computer technician was in the process of fixing the defendant's computer when he discovered files containing child pornography and reported that discovery to the police. 549 F.3d at 1142. The technician had already viewed the files on Budd's computer before speaking to the police. *Id.* The technician's statements to law enforcement personnel, even without more, formed sufficient probable cause to support the later-obtained search warrant. More importantly, from the moment the police seized the computer, their sole intent was to obtain a warrant and search it.

In addition, the defendant himself had called the police department to report his computer as stolen. While on the phone with the investigating officer, Budd "volunteered that the computer contained 'pretty graphic' files that he should not have." *Id.* The officer asked Budd to come to the police station and he agreed, eventually confessing to possessing child pornography. *Id.* at 1142-143. The computer technician's discovery of child pornography on the computer and Budd's voluntary confession to the existence of that

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

pornography both provided independent bases, separate from the unreasonably extended interference with Budd's possessory interest, to support issuance of a search warrant.

As the government correctly notes in its motion, the Seventh Circuit determined that the magistrate's decision to issue the warrant in *Budd* was not impacted by the illegal seizure of the computer. (R. 31 at 3, *citing Budd,* 549 F.3d at 1148.)  The Seventh Circuit then goes on to say that either the computer technician's testimony or Budd's subsequent confession would have provided sufficient probable cause upon which to issue the warrant, even absent police possession of the computer at issue. 549 F.3d at 1147-1148.

In fact, a federal law enforcement officer testified before the trial court that authorities would have sought a search warrant for Budd's computer, even if it had not been in their possession. According to the government's brief before the trial court, "Special Federal Officer Lynn testified that authorities would have sought a search warrant for Budd's computer based on the information that was provided by Tom Doyle as well as other information, including interviews of Budd, obtained in the investigation." *United States v. Budd,* 4:07-cr-40026-JBM-JAG, R. 21 at 14 (C.D. Il. 2007); 549 F.3d at 1148. No such testimony was provided in Visocky's case. There is no

9

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

indication that officers would have applied for a warrant had the safe not been sitting for weeks in an evidence locker at the police station.[2]

The government is stretching the independent source doctrine farther than it should go. Under the interpretation the government urges, any illegally obtained evidence would be admissible so long as law enforcement eventually obtained a warrant; a warrant would purge evidence of any Fourth Amendment violation. The government states that "'[i]f suppression was not warranted in *Budd,* where officers held his computer for 48 days before seeking a warrant, it is not warranted here where the delay was only 30 days . . .'" (R. 31 at 4) However, under its proposed interpretation of the independent source doctrine, the length of time between seizure and search would be inconsequential to the suppression inquiry. Such an expansive reading is incorrect and suppression remains warranted.

## III.   CONCLUSION

For the foregoing reasons, Mr. Visocky respectfully asks this Court to deny the government's motion for reconsideration.

---

[2] In fact, as noted above, the government's position up to this point in the litigation has been that they held on to the safe solely as evidence of the burglary of Visocky's residence.

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Dated at Madison, Wisconsin June 22, 2011.

Respectfully submitted,
JEREMY VISOCKY, *Defendant*

*/s/ Michael W. Lieberman*
Michael W. Lieberman

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
222 West Washington Avenue, Suite 680
Madison, Wisconsin 53703
Tel: 608-260-9900
Fax: 608-260-9901
michael_lieberman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served via the Court's CM/ECF system to Assistant United States Attorney Rita Rumbelow, this 22nd day of June, 2011.

*/s/ Michael W. Lieberman*
Michael W. Lieberman

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.