IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

v().

JEREMY VISOCKY,

                Defendant.

ORDER

10-cr-152-wmc

---

      The court is in receipt of the government's motion to reconsider the grant of defendant's motion to suppress (dkt. #30), citing for the first time in this case the "independent-source doctrine" discussed by the Seventh Circuit in *United States v. Budd*, 549 F.3d 1140 (7th Cir. 2008). The government offers no explanation or excuse for raising for the first time this alternative legal theory by way of a motion to reconsider, nor can the court discern any. On the contrary, both the 2008 *Budd* decision and new facts - - suggesting that the police were holding the seized safe on independent grounds while obtaining a search warrant - - have been available to the government since its original seizure. Having failed to timely raise this new argument before Magistrate Judge Crocker or in its subsequent challenge to the Magistrate's Report and Recommendation, the motion to reconsider will be denied as untimely. *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).

      Even if it were timely, the independent source doctrine has substantially less application here than in *Budd*. The computer in *Budd* was originally seized because the police had independent, eyewitness testimony of its containing child pornography, confirmed shortly thereafter by the voluntary confession of the defendant. 549 F. 3d 1147-48. Indeed, the intent of the police in *Budd* was to obtain a warrant for the examination of the computer's contents whether seized or not. *Id*. at 1148.

Finally, "a combination" of backlogged cases, holiday interruptions and move to a new police station were the cause for their delay in doing so. *Id*. at 1142. In contrast the police have repeatedly represented the reason for the seizure of the safe here was its potential materiality to the break-in at defendant's apartment, not to hold it until a warrant could be obtained. As a result, there has been no evidence offered that : (1) the contents of the safe were known rather than presumed; (2) the safe was seized in order to obtain a warrant to inspect its contents; or (3) a delay in obtaining the warrant was caused by factors beyond the officer's control. There is certainly reason to suspect the safe was seized, or at least held for weeks, in the hope of obtaining additional evidence to support opening it, inducing the defendant to claim it or, like Budd, to own up to its contents - - the police are not free to adopt a new explanation for their conduct, particularly when the record does not support their good faith is part of the consideration under the Fourth Amendment.

Accordingly, IT IS ORDERED that the government's motion to reconsider is denied.

Entered this 23rd day of August, 2011.

        BY THE COURT:

        /s/

        WILLIAM M. CONLEY
        District Judge